Martin Schenck, J.
This is an appeal from a judgment of the Albany Police Court (Michael V. Tepedino, J.). The defendant was found guilty upon trial by jury of the crime of criminal possession of dangerous drugs in the sixth degree. The salient facts revealed by the testimony and quite evidently found by the jury are summarized as follows:
Two officers of the narcotics squad of the Albany Police Department, trained and experienced in the enforcement of laws directed against the drug traffic, received advice from a confidential undisclosed informant, from whom they had previously received valuable information, that the defendant not only possessed but was dealing in drugs at a specified time in a particular location in the City of Albany. The officers went to the location in question. They knew the defendant and recognized him standing by an automobile in which there were unidentified occupants. The automobile was parked several inches from the curb in the immediate area designated by the informant. As the officers approached, the defendant squatted down beside the automobile and made a gesture with his right hand that was described by the officers, although they conceded they did not see what, if anything, was in his hand. Thereafter the automobile drove away and the two officers discovered an envelope lying in the street a short distance from the curb and immediately in front of the point at which they had seen the defendant make the gesture. The envelope contained what was later identified as heroin. The officers testified they believed at the time, from their experience in observing the drug traffic, that what they found in the envelope consisted of illicit drugs. They thereupon arrested the defendant.
The questions presented are: (1) did the officers have reasonable grounds to arrest the defendant under section 177 of the Code of Criminal Procedure (then in effect) under the authority therein given to a police officer to arrest a person without a warrant when he has probable cause to believe such person has committed an offense in the officer’s presence; (2) did the jury *906 upon the basis of the evidence outlined above have sufficient grounds to find the defendant guilty beyond a reasonable doubt?
There are numerous authorities cited on both sides of these issues, each obviously involving facts peculiar to that case. In this connection the standard with respect ta 11 probable cause ” as the basis for an arrest is not a mechanical .or technical matter. It deals with “ probabilities ” including “ the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act (People v. Lombardi, 18 A D 2d 177, 180, citing Brinegar v. United States, 338 U. S. 160, 175.) In the case before us we have not only factual and práótica! considerations acted upon by reasonable and piudent men but we have the additional factor that the reasonable and prudent men were experienced police officers trained in the very line of law enforcement which was involved in their arrest of the-defendant.
In People v. Valentine (17 N Y 2d 128, 132) the court held that acts which to a layman might be “ seemingly innocent ” may amount to ‘ ‘ probable cause ’ ’ in the eyes of an arresting officer who was well versed in the behavior of persons involved in the type of criminal activity involved. The Valentine case dealt with gambling but the analogy is direct.
In People v. Meyers (38 A D 2d 484, 486), the Appellate Division, First Départment, held as recently as this April that “ What may have little or no significance to one unfamiliar with the procedures of narcotic trading can be highly relevant' to one experienced in the field, and here the arresting officer was conceded to be an expert ”. In the Meyers case the court went on to make this salutary observation: 11 We have been schooled rigorously to turn our backs on the proof of the pudding— the fact that the search confirmed the conclusion of the arresting officer. Query: is it not time for this, especially in a close case, to be given some recognition in determining whether or not probable cause existed? ” In the case before us there was not a search and seizure but the analogy is clear. After the officers observed the defendant going through the motions described they found the contraband exactly where it would have been had they actually seen him throw it on the ground. On the basis of these authorities and the rationale which they express it seems perfectly apparent that the arresting officers in this case, based upon what they observed and taking into consideration the information that they had previously been given, had probable cause to believe that the defendant had committed a crime in *907 their presence, that is to say the illegal possession of narcotic drugs.
Most of the authorities cited by the defendant are not in point because they deal with illegal searches and seizures. The question here was not whether the officers had probable cause in connection with a search and seizure but whether they had reasonable grounds to believe that the defendant had committed a crime in their presence.
The defendant relies most heavily upon People v. Corrado (22 N Y 2d 308). On the surface the facts of that case might seem similar to those before us. In Gorrado, however, the officers had no more than a “ tip” that a quantity of marijuana would be passed at a certain place and time. The officers did not know or recognize the persons whom they arrested, nor was there anything in what they observed substantially more than that three teen-agers were sitting in a car, one of whom walked to a second car, bent down and handed something to the driver. As was pointed out in Gorrado, this was nothing more than could be explained as typical activities of three teen-agers rather than the manipulation of traffickers in drugs. In the case before us the officers had specific information that it was the defendant, a person well known to them, who was trafficking in drugs at the time and place in question. This fact, coupled with their experience in observing the drug traffic, certainly distinguishes the instant situation from the facts of Gorrado.
Accordingly, the first question, involving “ probable cause ” on the part of the police officers in making the arrest, is answered in the affirmative. It follows that the second question concerning the sufficiency of the evidence must similarly be answered. Sufficient facts were submitted to the jury to justify a verdict of guilty. The jurors were properly instructed that if they had reasonable doubt as to the guilt of the defendant they must acquit him. Under the facts submitted through credible testimony there was ample basis for the jury to find that they had no such reasonable doubt. The verdict of guilty should, therefore,- not be disturbed upon this appeal.
The judgment of conviction and sentence by the Albany Police Court is in all respects affirmed.